# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| HENRY BARROW, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 09 C 2347 |
| | ) | |
| v. | ) | Judge Virginia M. Kendall |
| | ) | |
| RAFAEL HERNIAZ, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Henry Barrow, an inmate at the Pontiac Correctional Center, filed suit, *pro se*, against Defendants, Stateville Correctional Center Correctional Officers Rafael Herniaz and Gerardo Lara, alleging a violation of his constitutional rights by subjecting him to the use of excessive force. Presently pending before the Court is Defendants' motion for summary judgment. For the reasons stated in this order, Defendants' motion for summary judgment is granted in part and denied in part.

## LEGAL STANDARD

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). All of the evidence and the reasonable inferences that may be drawn from the evidence are viewed in the light most favorable to the nonmovant. *Miller v. American Family Mutual Ins.*, 203 F.3d 997, 1003 (7th Cir. 2000). Summary judgment may be granted when no "reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, a party cannot defeat summary judgment by relying on unsubstantiated facts or by merely resting on its pleadings. *See Hemsworth, II v. Quotesmith.com, Inc.*, 476 F.3d 487, 490

(7th Cir. 2007); *Greer v. Board of Educ. of the City of Chicago*, 267 F.3d 723, 729 (7th Cir. 2001). Instead, the party that bears the burden of proof on an issue must affirmatively demonstrate, with admissible evidence, that a genuine issue of material fact exists that requires a trial. *See Hemsworth*, 476 F.3d at 490.

When Defendants filed their motion for summary judgment, they included a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment" as required by *Timms v. Frank*, 953 F.2d 281, 285 (7th Cir. 1992); *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982). This notice clearly sets out the requirements of this Court's Local Rule 56.1. In particular, the notice explains that Plaintiff's response must comply with Federal Rule of Civil Procedure 56(e) and Local Rule 56.1.

Local Rule 56.1(b) requires a party opposing a motion for summary judgment to file:

> (3) a concise response to the movant's statement that shall contain
>
> (A) a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon, and
>
> (B) a statement, consisting of short numbered paragraphs, of any additional facts that require denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon.

L.R. 56.1(b).

The district court may require strict compliance with Local Rule 56.1. *See Ammons v. Aramark Uniform Serv., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004); *Bordelon v. Chicago School Reform Board of Trustees*, 233 F.3d 524, 527 (7th Cir 2000) (strict compliance with the local rules governing summary judgment is upheld given the importance of local rules that structure the summary judgment process); *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs"). The court may disregard statements and

responses that do not comply with Local Rule 56.1. *See Cichon v. Exelon Generation Co.*, 401 F.3d 803, 809-10 (7th Cir. 2005).

Although *pro se* plaintiffs are entitled to lenient standards, compliance with procedural rules is required. *Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998) ("[R]ules apply to uncounseled litigants and must be enforced"); *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir.1994); *Fischer v. Ameritech*, No. 98 C 7470, 2002 WL 1949726, *4 (N.D. Ill. Aug. 23, 2002) (Pallmeyer, J.).

In response to Defendants' motion, Plaintiff filed: (1) a motion to oppose Defendants' summary judgment, (2) a memorandum of law in support of Plaintiff's opposing motion for summary judgment, and (3) an affidavit. Plaintiff's motion to oppose Defendants' summary judgment includes five, numbered paragraphs identified as "disputed triable facts." With the exception of the first paragraph, Plaintiff includes citation to exhibits in support of his "disputable triable facts." Accordingly, the Court will consider these additional facts. *See* Local Rule 56.1(b)(3). However, none of Plaintiff's filings include a specific response to Defendants' proposed undisputed facts. Accordingly, Defendants' proposed undisputed facts are deemed admitted. *See Chelios v. Heavener*, 520 F.3d 678, 687 (7th Cir. 2008); L.R. 56.1(b)(3)(B). Lastly, because Plaintiff is proceeding *pro se*, the Court will consider the factual assertions he makes in his response, but only to the extent that Plaintiff could properly testify about the matters asserted at trial – that is, only with respect to those facts within Plaintiff's personal knowledge. See Fed. R. Evid. 602.

**FACTS**

Plaintiff is a convicted felon serving an eight-year sentence for armed robbery. (Defs.' 56.1(a)(3) Statement ¶ 5.) Plaintiff is also serving two, six-year sentences for aggravated battery that he received while he was incarcerated within the Illinois Department of Corrections. (*Id.*, ¶ 6.) On August 27, 2009, Plaintiff was a detainee at Stateville Correctional Center. (*Id.* at ¶ 2.) On that

day, Plaintiff was designated a Level "E", an extremely high escape risk inmate. Plaintiff had this escape designation since 2004, when escape plans were discovered in his cell. (*Id*., ¶ 7.)

On August 27, 2009, Plaintiff complained to inmate galley workers that he had not received his medications the previous night after he returned from the hospital. (Defs.' 56.1(a)(3) Statement ¶ 8.) Some time later, Plaintiff began pounding on his cell door requesting to speak to a lieutenant. Plaintiff was also making loud noises by slamming his food-chuck door. (*Id*., ¶ 9.) Plaintiff then stuck his arm out of the food-chuck hole and refused to place his arm back within the cell. Plaintiff refused four direct orders to be handcuffed, but complied with the fifth direct order. (*Id*., ¶ 10.)

Plaintiff was escorted from his cell by Correctional Officers Rafael Herniaz and Gerardo Lara. Herniaz was walking behind Plaintiff, holding the handcuffs, in an attempt to escort Plaintiff to the hospital. Plaintiff suddenly kicked Herniaz in the genital area. (Defs.' 56.1(a)(3) Statement ¶¶ 11-12.) After kicking Herniaz, Plaintiff ran toward Lara, lowering his shoulders in an attempt to knock Lara down. (*Id*., ¶ 14.) Lara grabbed Plaintiff and brought him to the ground, where he was secured. (*Id*., ¶ 15.) Plaintiff asserts that while he was on the ground, Herniaz got "on top" of him and punched him in the eye. (Plaint.'s Disputed Triable Fact ¶ 5; Plaint.'s Dep. pgs. 44, 46.)

Plaintiff was offered but refused medical attention at Stateville. (Defs.' 56.1(a)(3) Statement ¶ 16.) Plaintiff refused medical treatment after the incident because Herniaz was in the medical unit when Plaintiff was offered treatment. (Plaint.'s Disputed Triable Fact ¶ 3; Plaint.'s Dep. pg. 48.) Plaintiff received some pain medication the following day while at the Pontiac Correctional Center. Plaintiff did not request any additional pain medication for his injuries he sustained on August 29, 2009. (Defs.' 56.1(a)(3) Statement ¶17.) Plaintiff suffered a sore wrist and arm, a swollen eye, and a cut near his eye. (Plaint.'s Disputed Triable Fact ¶ 4; Plaint.'s Dep. pgs. 51-55.) Plaintiff received a disciplinary report for assaulting prison staff, intimidation or threats, insolence, and

disobeying a direct order. Plaintiff was found guilty of the charges and received punishment of one year demotion to C grade, one year segregation, revocation of one year of good conduct credits, six months of contact visit restrictions, and three months of yard restrictions. (Defs.' 56.1(a)(3) Statement ¶18.)

## ANALYSIS

The core requirement that a plaintiff must prove on an excessive force claim is that the correctional officer used force not "in a good-faith effort to maintain or restore disciple," but did so "maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). Factors that are used to determine wether a correctional officer's use of force was legitimate or malicious include: (1) the need for the use of force, (2) the relationship between the need for force and the force that was applied, (3) the threat reasonably perceived by the correctional officer, (4) any efforts to temper the severity of the force applied, and (5) the extent of the injuries suffered. *Hendrickson*, 589 F.3d at 890. However, even if the correctional officer's use of force served no good-faith disciplinary purpose, force that is *de minimis* does not constitute a violation of the Eighth Amendment. *Hendrickson*, 589 F.3d at 890. Even so, a prisoner need not suffer a "serious injury" to raise an Eighth Amendment claim. *Hendrickson*, 589 F.3d at 890-91.

Here, Plaintiff, an escapee risk, kicked Herniaz in the groin and then started to run toward Lara while being taken for his medication. Lara stopped Plaintiff and forced him to the ground. Plaintiff's attempt to flee, after kicking a correctional officer, required the need for the use of force and the amount of force used by Lara was reasonable in light of Plaintiff's actions. Furthermore, Plaintiff has not demonstrated any injuries from Lara's use of force. Based on these undisputed facts, no reasonable jury could find that Lara used excessive force against Plaintiff.

5

However, viewing the evidence in the light most favorable to Plaintiff, Herniaz's act of punching Plaintiff in the eye after Plaintiff was on the ground can be interpreted reasonably as establishing that Herniaz's reaction was not a "good-faith effort to maintain or restore disciple," but rather was done "maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7; *see also Thomas v. Stalter*, 20 F.3d 298, 302 (7th Cir. 1994) (punch in the face that was not necessary to subdue the Plaintiff could constitute excessive force).  Furthermore, while Plaintiff did not suffer "serious injury," he did suffer some injuries to his face from the punch.  *See Hendrickson*, 589 F.3d at 890-91.  Accordingly, judgment cannot entered in Herniaz's favor as to the alleged punch in Plaintiff's eye.

**CONCLUSION**

For the foregoing reasons, Defendants' motion for summary judgment [27] is granted in part and denied in part.  Summary judgment is granted as to Defendant Lara and denied as to Defendant Herniaz.  At the close of the case, the Clerk is directed to enter judgment in favor of Lara pursuant to Fed. R. Civ. P. 56.  Lara is terminated as a Defendant.

Dated:  August 19, 2010

_____
Virginia M. Kendall
United States District Court Judge